United States District Court
Southern District of Texas
**ENTERED**
November 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HOWARD MAINES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:09-MC-03 |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION

Petitioner Howard Maines, a state prisoner proceeding pro se, initiated this miscellaneous action by filing an "Application to Proceed in Forma Pauperis." (Docket No. 1.) Although not entirely clear, based on his initial filing it appeared that Petitioner wished to file a future habeas corpus petition pursuant to 28 U.S.C. § 2254. (*See* Docket Nos. 1-2, 1-3; Docket No. 2.)[1] However, Petitioner failed to include a proposed pleading, and to make matters worse, his application to proceed in forma pauperis appeared to be deficient. Petitioner was promptly alerted to his deficiencies, but he failed to respond. (Docket No. 2.) In fact, Petitioner has not taken any action in this case in over fourteen (14) years. Given these circumstances, the undersigned recommends that this miscellaneous action be dismissed for failure to prosecute.

### I. BACKGROUND[2]

---

[1] Petitioner previously filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, which was dismissed on procedural grounds. (*See Maines v. Dretke*, 7:05-cv-341, Docket Nos. 11-12.) Unless otherwise noted, the information in this report is taken from the instant miscellaneous action.

[2] The procedural history of the underlying criminal proceedings is summarized in a report addressing Petitioner's previous § 2254 habeas petition. (*See Maines v. Dretke*, 7:05-cv-341, Docket No. 11, at 2-4.)

"On March 3, 2004, Petitioner pleaded guilty to first degree murder in the shooting death of his girlfriend." (7:05-cv-341, Docket No. 11, at 2.) Petitioner was sentenced to 58 years imprisonment and he did not file a direct appeal. (*Id.*) As noted, Petitioner previously sought federal habeas relief pursuant to § 2254, arguing that his conviction and sentence were invalid due to numerous allegations based on ineffective assistance of counsel. (*Id.* at 3-4.) In 2007, Petitioner's § 2254 habeas petition was dismissed on procedural grounds. (*Id.* at Docket Nos. 11-12.)

On January 12, 2009 (approximately two years after his § 2254 petition was dismissed), Petitioner initiated this miscellaneous action by filing the pending application to proceed in forma pauperis. (Docket No. 1.) However, as noted his application to proceed in forma pauperis was deficient. Specifically, he failed to include a copy of his inmate trust fund account for the previous six months. (*Id.* at 1-2.) Furthermore, he asserted that he had received approximately $400.00 from family/friends in the previous 12 months, and that he currently had around $200.00 in a savings account. (*Id.* at 1.) He also failed to include a proposed pleading specifying the intended nature of this action.

Given the funds at his disposal, Petitioner was informed that the court was unable to determine whether he "qualifie[d] to proceed in forma pauperis." (Docket No. 2, at 1.) Petitioner was directed to either pay "the $5 filing fee along with his petition for writ of habeas corpus under § 2254" or to file additional evidence in support of his application "within thirty (30) days." (*Id.* at 1-2 (emphasis in original).) Petitioner failed to respond to the order, and he has taken no further action in this case. In fact, other than filing his initial pleading, Petitioner has not communicated with the Court in over fourteen (14) years.

## II. ANALYSIS

2

Petitioner's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a $5 filing fee for a person seeking to file a § 2254 habeas corpus action in federal court. 28 U.S.C. § 1914(a). A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

Here, Petitioner has neither paid the filing fee, nor shown that he is unable to do so. To make matters worse, he failed to comply with the court order that he either pay the $5 filing fee or submit a properly-supported application.

This habeas corpus action should be dismissed for failure to prosecute because Petitioner failed to pay the filing fee, failed to submit a properly-supported application, and failed to comply with a court order. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also McCray v. FBI*, No. 11-cv-87,

3

2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee). It appears that no lesser sanction is available, since Petitioner failed to comply with the Court's order and has taken no other action in this case.[3] *See Hulsey*, 929 F.2d at 171; *Martin*, 405 F. App'x at 860.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Application to Proceed in Forma Pauperis (Docket No. 1) be DENIED and that this miscellaneous action be DISMISSED for failure to prosecute. In an abundance of caution, it is further recommended that Petitioner be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

---

[3] A copy of this Report will be sent to Petitioner at the address he provided. Should Petitioner respond to the Report by complying with the prior order (Docket No. 2), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

4

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, based on his initial filing it appeared that Petitioner wished to file a future habeas corpus petition pursuant to 28 U.S.C. § 2254. Therefore, in an abundance of caution, and for the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that Petitioner's miscellaneous action should be dismissed based on failure to prosecute. Accordingly, Petitioner is not entitled to a COA.

## **NOTICE**

The Clerk shall send a copy of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. §

5

636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**DONE** at McAllen, Texas, this _____November 14_____, 2023.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE